Filed 6/25/21  P. v. Flores CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL RICHARD FLORES,<br><br>    Defendant and Appellant. | B308289<br><br>(Los Angeles County<br>Super. Ct. No. BA195400) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Michael E. Pastor, Judge.  Affirmed.

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This appeal from the denial of a petition for resentencing under Penal Code[1] section 1170.95 presents the same issues we addressed in *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918 (*Nunez*): (1) May the superior court rely solely on the jury's felony-murder special-circumstance finding to deny the petition for failure to make a prima facie showing that the petitioner falls within the provisions of section 1170.95?[2] and (2) May a defendant challenge a first degree murder conviction by attacking the validity of the jury's felony-murder special-circumstance finding under the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) in a petition for relief under section 1170.95?

We resolve these issues in accordance with our decision in *Nunez* and hold that the superior court may deny a section 1170.95 petition after the prima facie review on the ground that a defendant convicted of murder with a felony-murder special-circumstance finding (§ 190.2, subd. (a)(17)) is not, as a matter of

---

[1] Undesignated statutory references are to the Penal Code.

[2] The California Supreme Court has granted review of this issue in *People v. Strong*, review granted March 10, 2021, S266606 ["Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"] (<https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2339000&doc_no=S266606&request_token=NiIwLSEmTkw6WyBRSCM9TEhIMFQ0UDxTJSM%2BXzpSUCAgCg%3D%3D> [as of May 26, 2021], archived at <https://perma.cc/P8YS-L3CV>.)

law, eligible for resentencing under section 1170.95. (*Nunez*, *supra*, 57 Cal.App.5th at pp. 83, 90–92, rev.gr.; see also *People v. Jones* (2020) 56 Cal.App.5th 474, 479, review granted Jan. 27, 2021, S265854 (*Jones*); *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*); *People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978 (*Murillo*); *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140–1141, review granted Oct. 14, 2020, S264284 (*Galvan*); *People v. Gomez* (2020) 52 Cal.App.5th 1, 16–17, review granted Oct. 14, 2020, S264033 (*Gomez*).) We also hold that a section 1170.95 petition is not the proper vehicle for challenging a murder conviction by attacking, under our Supreme Court's decisions in *Banks* and *Clark*, the jury's prior factual finding that the defendant was a major participant who acted with reckless indifference to human life, and that such claims may only be raised in a petition for habeas corpus. (See *Jones*, at p. 483, rev.gr.; *Nunez*, at pp. 83, 95–97, rev.gr.; *Allison*, at pp. 458, 461; *Gomez*, at pp. 16–17, rev.gr.; *Galvan*, at p. 1142, rev.gr.; *Murillo*, at p. 168, rev.gr.)

## FACTS[3] AND PROCEDURAL BACKGROUND

In 1997, appellant and another individual committed a burglary and robbery in which one person was shot and another killed. (*Flores*, *supra*, B146005.) According to the surviving

---

[3] Because the underlying facts of appellant's murder conviction are not relevant to our analysis, we only briefly summarize the statement of facts from our unpublished opinion in appellant's direct appeal: *People v. Flores* (June 7, 2001, B146005) (*Flores*). (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, 1138, review granted Mar. 18, 2020, S260598 [court may review record of conviction in assessing sufficiency of a section 1170.95 petition].)

victim, two men entered the apartment and shot both victims. After ascertaining that one victim was dead, the assailants took the wallet of the other man and left.

Approximately two years later, appellant sought leniency on another charge for which he was in custody by offering to share information about a murder he claimed to have witnessed. Based upon appellant's statements, police determined appellant had not merely witnessed the crime but had been a participant and charged him with first degree murder (§ 187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), attempted first degree residential robbery (§§ 664/211), first degree residential robbery (§ 211), and two counts of first degree residential burglary (§ 459).

Appellant was convicted as charged following a jury trial in 2000. In addition, the jury found true the special circumstances that the murder was committed while appellant was engaged in the crimes of robbery and burglary (§ 190.2, subd. (a)(17)), and appellant was armed with a firearm (§ 12022, subd. (a)). The trial court found several prior conviction allegations true and sentenced appellant to life without the possibility of parole plus 87 years in state prison.

On direct appeal, this court modified the sentence by staying the consecutive terms for attempted robbery and robbery and by striking a firearm enhancement on the assault count. In all other respects the judgment was affirmed.

On April 20, 2018, appellant filed a petition for writ of habeas corpus for relief under *Banks* and *Clark*. The superior court denied the habeas petition. Following a thorough analysis of the facts of the offenses in light of the *Banks* and *Clark* factors, the court found that as a major participant in the burglary and

4

robbery who acted with reckless indifference to human life, appellant was not entitled to relief under *Banks* and *Clark*.

On October 11, 2019, appellant filed a petition for resentencing under section 1170.95, in which he alleged he was charged and convicted of first degree felony murder and, pursuant to the amendments to sections 188 and 189, he could not now be convicted of murder because he was not the actual killer and lacked the intent to kill. The trial court stated it had reviewed the resentencing petition and the court file, including the court minutes and jury instructions, and a public defender was appointed to represent appellant.

Following briefing and argument from the parties, the superior court denied the petition, finding as a matter of law that appellant had failed to make a prima facie showing that he was entitled to resentencing under section 1170.95. The court added that appellant's claims based on *Banks* and *Clark* should be addressed in the context of a habeas petition.

## DISCUSSION

**The Superior Court May Deny a Section 1170.95 Petition in the Prima Facie Stage of Review on the Ground that a Petitioner Convicted of Murder with a Felony-Murder Special-Circumstance Finding Is Not, as a Matter of Law, Eligible for Resentencing Under Section 1170.95**

In order to obtain relief from his felony murder conviction under section 1170.95, a petitioner must make a prima facie showing that he "*could not* be convicted of first or second degree murder *because of* changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3), italics added; *Nunez, supra*, 57 Cal.App.5th at p. 90, rev.gr.; *Allison, supra*, 55

5

Cal.App.5th at p. 457.)  As the superior court determined here, appellant cannot, as a matter of law, make the requisite prima facie showing based on the jury's felony-murder special-circumstance findings in his case.  (See *Jones*, *supra*, 56 Cal.App.5th at p. 479, rev.gr.)

**A.** ***Given the jury's special-circumstance findings, the superior court correctly determined that appellant could still be convicted under the amended statute.***

By adding subdivision (e) to section 189, Senate Bill No. 1437 made the crime of felony murder subject to the same elements of proof required for a special-circumstance finding under section 190.2, subdivision (d).[4] (*People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 907 [" 'the standard under section 189, subdivision (e)(3) for holding a defendant liable for felony murder is [now] the same as the standard for finding a special circumstance under section 190.2[, subdivision] (d), as the former provision expressly incorporates the latter' "]; *In re Taylor* (2019) 34 Cal.App.5th 543, 561.)  Specifically, to be convicted of first degree murder under section 189 as amended, a participant in one of the felonies enumerated in subdivision (a) must have

---

[4] Subdivision (d) of section 190.2 remains the same today as in 2000 when appellant was convicted:  "[E]very person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

6

been the actual killer, *or* a direct aider and abettor who acted with the intent to kill, *or* "a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Here, appellant's jury was instructed that if it found appellant was not the actual killer, it could not find the special circumstances true *unless* it was satisfied beyond a reasonable doubt that appellant, "*with reckless indifference to human life and as a major participant*," aided and abetted the commission of the burglary and/or robbery which resulted in the victim's death. (Italics added.) The jury was further instructed that "[a] defendant acts with reckless indifference to human life when that defendant knows or is aware that his acts involve a grave risk of death to an innocent human being." The jury found the special circumstances true as to both underlying felonies beyond a reasonable doubt. Thus, if the jury determined appellant was not the actual killer or a direct aider and abettor with intent to kill, it necessarily made the factual finding that appellant was a major participant in the underlying felonies who acted with reckless indifference to the victim's life. Given this finding by the trier of fact, appellant remains subject to conviction for first degree murder notwithstanding Senate Bill No. 1437's changes to section 189.

Because the jury's special-circumstance finding shows as a matter of law that appellant could still be convicted of felony murder under section 189 as amended, the superior court correctly concluded that he cannot make a prima facie showing of eligibility for resentencing under section 1170.95 and properly denied relief. (*Allison, supra*, 55 Cal.App.5th at pp. 461–462 ["If the prior finding shows the petitioner meets the requirements for

7

murder liability under amended sections 188 and 189, then it is not true that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, and the petition must be denied"]; *Nunez, supra,* 57 Cal.App.5th at p. 95, rev.gr.)

**B. *The jury's pre-Banks and Clark special-circumstance findings—that he was a major participant in the burglary and robbery who acted with reckless indifference to human life—disqualify appellant from relief under section 1170.95 as a matter of law.***

Appellant maintains that, standing alone, the jury's pre-*Banks* and *Clark* special-circumstance finding is insufficient to disqualify him from relief under section 1170.95. He reasons that *Banks* and *Clark* redefined "major participant" and "reckless indifference to human life." The Legislature, which is presumed to be aware of existing laws and judicial decisions with a direct bearing on new legislation (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1135), necessarily incorporated the *Banks/Clark* reconstruction of these phrases when it added subdivision (e)(3) to section 189. Therefore, according to appellant, because these phrases carry a significantly narrower construction under current law, a jury's pre-*Banks* and *Clark* special-circumstance finding may be one fact of many to consider at the order to show cause stage of an 1170.95 petition, but it does not preclude a defendant from making a prima facie showing of eligibility for resentencing relief. We disagree. *Banks* and *Clark* did not create new law, but instead, "merely clarified the 'major participant' and 'reckless indifference to human life' principles that existed when defendant's conviction became final." (*In re Miller* (2017) 14 Cal.App.5th 960, 978 (*Miller*); *Allison, supra,* 55 Cal.App.5th at

8

p. 458; *Nunez, supra*, 57 Cal.App.5th at p. 92, rev.gr.; *Jones, supra*, 56 Cal.App.5th at p. 482, rev.gr.)

Following an examination of two United States Supreme Court cases (*Enmund v. Florida* (1982) 458 U.S. 782 [102 S.Ct. 3368, 73 L.Ed.2d 1140]; *Tison v. Arizona* (1987) 481 U.S. 137 [107 S.Ct. 1676, 95 L.Ed.2d 127]), *Banks* set forth a non-exclusive set of factors to aid the determination of whether an individual was a "major participant" in a crime.[5] (*Banks, supra*, 61 Cal.4th at p. 803.) Our Supreme Court also explained that to determine whether the defendant acted with reckless indifference, courts must "look to whether a defendant has ' "knowingly engag[ed] in criminal activities known to carry a grave risk of death." ' " (*Banks, supra*, 61 Cal.4th at p. 801.) Specifically, "[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*) In *Clark*, the court put it this way: " 'reckless indifference' . . . encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim,

---

[5] These factors include: the defendant's role in planning the criminal enterprise that led to one or more deaths; his or her role in supplying or using lethal weapons; the defendant's awareness of the particular dangers posed by the nature of the crime, such as the weapons used or the past experience or conduct of the other participants; whether the defendant was present at the scene of the killing, in a position to facilitate or prevent the murder; whether the defendant's own actions or inaction played a particular role in the death; and what he or she did after lethal force was used. (*Banks, supra*, 61 Cal.4th at p. 803.)

9

even if the defendant does not specifically desire that death as the outcome of his actions." (*Clark*, *supra*, 63 Cal.4th at p. 617.)

To assist appellate review of a jury's reckless indifference finding, *Clark* set out a series of considerations relevant to determining whether a defendant had acted with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 618–622.) But "[j]ust as [the court] said of the factors concerning major participant status in *Banks*, '[n]o one of these considerations is necessary, nor is any one of them necessarily sufficient' " to establish whether a defendant was a major participant who acted with reckless indifference to human life. (*Clark*, at p. 618, quoting *Banks*, *supra*, 61 Cal.4th at p. 803.)

Moreover, not only did the *Banks* and *Clark* decisions herald no change in the law, they also did not fundamentally change the meaning of the phrases "major participant" and "reckless indifference to human life." (*Allison*, *supra*, 55 Cal.App.5th at p. 458; *Nunez*, *supra*, 57 Cal.App.5th at p. 92, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.) Rather, the high court in those cases "simply stated what section 190.2, subdivision (d) has always meant." (*Miller*, *supra*, 14 Cal.App.5th at p. 979.) Indeed, our Supreme Court has not required any new jury instruction on the clarifications, and no mandatory language or material changes have been made to the CALJIC or CALCRIM special-circumstance instructions since *Banks* and *Clark* were decided. (Compare CALJIC No. 8.80.1 (1996 rev.) (6th ed. 1996) with CALJIC No. 8.80.1 (Fall 2015 ed.); see also *Nunez*, at p. 92, rev.gr.; *Gomez*, *supra*, 52 Cal.5th at p. 14, fn. 6, rev.gr. [CALCRIM No. 703 before *Banks* and *Clark*]; CALCRIM No. 703 (2020 ed.).) Rather, while both CALJIC No. 8.80.1 and CALCRIM No. 703 now include *optional* language

10

drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, neither *Banks* nor *Clark* held that the trial court has a sua sponte duty to instruct on those factors. (*People v. Price* (2017) 8 Cal.App.5th 409, 450–451 (*Price*) [jury instructions that omit the *Banks* and *Clark* factors are not defective]; *Allison*, at pp. 458–459; Bench Notes to CALCRIM No. 703 (2020 ed.) p. 452.)

In short, as we observed in *Nunez*, "the felony-murder special-circumstance instructions given *post-Banks* and *Clark* do not necessarily differ at all from pre-*Banks* and *Clark* felony-murder special-circumstance instructions—the factors, issues, and questions the *post-* and pre-*Banks* and *Clark* juries consider to make the [major participant/reckless indifference] finding are exactly the same. Accordingly, whether a jury made a *post-* or pre-*Banks* and *Clark* [major participant/reckless indifference] finding, that finding establishes as a matter of law the defendant's ineligibility for relief under section 1170.95 because he was found either to have participated in the specified felony with the intent to kill, *or* he was a major participant who acted with reckless indifference to human life and could still be convicted of murder notwithstanding the changes to section 189."[6] (*Nunez, supra,* 57 Cal.App.5th at p. 93, fn. omitted, rev.gr.)

---

[6] In fact, "[t]he only necessary difference between a pre-*Banks* and *Clark* felony-murder special-circumstance finding and one returned after *Banks* and *Clark* arises at the level of appellate review: If the finding was challenged on direct appeal before *Banks* and *Clark*, appellate review of the sufficiency of the evidence to support the finding was not informed by *Banks* and

11

In this regard, we reiterate our disagreement with the decisions in *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted July 7, 2020, S262011 (*Torres*), *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*), and *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954 (*York*) (see also *People v. Harris* (2021) 60 Cal.App.5th 939, 958–959, review granted Apr. 28, 2021, S267802), because all of these cases misinterpret the scope and effect of *Banks* and *Clark*. (*Nunez*, *supra*, 57 Cal.App.5th at p. 93, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.; *Allison*, *supra*, 55 Cal.App.5th at pp. 458–459.)

According to these courts, because "the factual issues that the jury was asked to resolve [before the *Banks* and *Clark* decisions] are not the same factual issues our Supreme Court has since identified as controlling" (*Smith*, *supra*, 49 Cal.App. 5th at p. 93, rev.gr.), such findings should not be treated "as if they resolved key disputed facts" (*ibid*.; *Torres*, *supra*, 46 Cal.App.5th at p. 1180, rev.gr.). *York* went a step further, holding that for purposes of section 1170.95, a pre-*Banks* and *Clark* jury finding that the defendant acted with reckless indifference to human life as a major participant should be treated as if that finding simply did not exist. (*York*, *supra*, 54 Cal.App.5th at p. 258, rev.gr.)

However, contrary to these decisions' holdings, we find "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a *post-Banks* and *Clark* jury,

_____

*Clark*." (*Nunez*, *supra*, 57 Cal.App.5th at p. 93, fn. 7, rev.gr.; *Price*, *supra*, 8 Cal.App.5th at pp. 450–451 [*Banks* and *Clark* decisions govern judicial review for sufficiency of the evidence rather than the facts or elements a jury was required to find]; *Jones*, *supra*, 56 Cal.App.5th at p. 483, rev.gr.)

or resolved different factual issues, answered different questions, or applied different standards. The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a *post-Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt." (*Nunez, supra,* 57 Cal.App.5th at p. 94, rev.gr.; *Jones, supra,* 56 Cal.App.5th at p. 484, rev.gr.; *Allison, supra,* 55 Cal.App.5th at pp. 458–459.)

We therefore reject the approach taken by the courts in *Torres, Smith,* and *York,* and decline to proceed as though the jury's special-circumstance findings simply did not exist. Indeed, as we noted in *Nunez,* "jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack, regardless of whether they were subjected to appellate review. Nothing in *Banks* or *Clark* supports the automatic invalidation or disregard of such findings by a properly instructed jury." (*Nunez, supra,* 57 Cal.App.5th at p. 94, rev.gr.)

**C. *The sole avenue for challenging the evidentiary support for the jury's finding that appellant was a major participant in the burglary and robbery who acted with reckless indifference to human life lies in a habeas petition.***

Appellant insists that the jury's pre-*Banks* and *Clark* special-circumstance findings are irrelevant to the trial court's determination of whether he has made a prima facie showing of entitlement to relief under section 1170.95. We disagree and hold that the exclusive procedure for challenging a special-circumstance felony-murder conviction under *Banks* and *Clark* is to separately file a petition for writ of habeas corpus in which the

13

defendant properly bears the burden of proof.  (See *Nunez*, *supra*, 57 Cal.App.5th at pp. 95–96, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 485, rev.gr.; *Allison*, *supra*, 55 Cal.App.5th at p. 459, fn. 9; *Galvan*, *supra*, 52 Cal.App.5th at p. 1142, rev.gr. ["If [appellant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus"]; *Murillo*, *supra*, 54 Cal.App.5th at p. 168, rev.gr.)

Senate Bill No. 1437 contains no indication in its text or history that the Legislature intended to permit defendants to challenge their murder convictions by attacking prior findings of fact.  Indeed, the Legislature made plain that its purpose in enacting section 1170.95 was to give defendants the benefit of the amendments to sections 188 and 189 in the absence of a factual basis for a murder conviction in light of the statutory revisions.  As the court in *Allison* observed, "subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance.  Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*."  (*Allison*, *supra*, 55 Cal.App.5th at p. 461.)

Accordingly, as we held in *Nunez*, the sole avenue of relief for defendants whose pre-*Banks* and *Clark* special-circumstance findings cannot withstand *post-Banks* and *Clark* scrutiny is by way of a petition for habeas corpus in which the petitioner would properly bear the burden of proof.  (*Nunez*, *supra*, 57 Cal.App.5th at pp. 95–96; *Galvan*, *supra*, 52 Cal.App.5th at p. 1142, rev.gr. ["If [appellant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for

14

writ of habeas corpus"]; *Murillo*, *supra*, 54 Cal.App.5th at p. 168, rev.gr.)

In a habeas corpus proceeding to collaterally attack a judgment of conviction by challenging a pre-*Banks* and *Clark* special-circumstance finding, the petitioner bears the burden of alleging and proving, by a preponderance of the evidence, the facts supporting the claim for relief, and demonstrating that the finding must be vacated for insufficient evidence.  (*In re Miranda* (2008) 43 Cal.4th 541, 575; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)  "[A] postconviction challenge to a special circumstance finding under *Banks* and *Clark* presents a legal question for the reviewing court.  [Citation.]  The challenge 'does not require resolution of disputed facts; the facts are a given'—the appellate court simply determines if they are sufficient to support the special circumstance finding under the multifactor guidance articulated in *Banks* and *Clark*."  (*Jones*, *supra*, 56 Cal.App.5th at p. 483, rev.gr.)  The underlying judgment is presumed valid (*In re Bacigalupo* (2012) 55 Cal.4th 312, 332), and the standard of review " 'is whether, when evidence that is reasonable, credible, and of solid value is viewed "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the allegation beyond a reasonable doubt." . . . [The court presumes], in support of the judgment, the existence of every fact the trier of fact could reasonably deduce from the evidence, whether direct or circumstantial.' "  (*In re Bennett* (2018) 26 Cal.App.5th 1002, 1018; *Jones*, at p. 483.)

In *Gomez*, the court recognized that permitting a defendant with a pre-*Banks* and *Clark* felony-murder conviction to challenge the special-circumstance finding under section 1170.95 would unfairly shift the burden of proof normally applicable to

15

*Banks* and *Clark* habeas claims from the petitioner to the People. As the court explained: "In an evidentiary hearing on a section 1170.95 petition to determine whether there is sufficient evidence to support her murder conviction on a felony-murder or natural and probable consequences theory, the People would bear the burden of proof beyond a reasonable doubt. (§ 1170.95, subd. (d)(3).) To make its true findings on the special circumstance allegations against [the defendant], the jury was required to find that [the defendant] either acted with the intent to kill, or that she was a major participant who acted with reckless indifference to human life in the robbery and kidnapping of [the victim]. The People should not be required to prove beyond a reasonable doubt, a second time, that [the defendant] satisfied those requirements for the special circumstance findings. Considering the different burdens of proof in a habeas corpus proceeding and a proceeding under section 1170.95, we conclude that a petition for writ of habeas corpus is the appropriate vehicle for [the defendant] to challenge her special circumstance findings. If [the defendant] were to succeed in challenging the special circumstance findings in a habeas corpus proceeding, she would then be in a position to successfully petition under section 1170.95 to vacate her murder conviction." (*Gomez, supra*, 52 Cal.App.5th at p. 17, rev.gr.; *Nunez, supra*, 57 Cal.App.5th at p. 96, rev.gr.; see also *Galvan, supra*, 52 Cal.App.5th at pp. 1142–1143, rev.gr. [expressing concern over the disparate treatment of defendants based solely on the dates of their convictions].)

This is precisely what happened in *People v. Ramirez* (2019) 41 Cal.App.5th 923 (*Ramirez*). In 2003 Ramirez had been convicted of first degree murder with a special-circumstance finding under section 190.2, subdivision (a)(17) that he was an

aider and abettor and major participant in a robbery who had acted with reckless indifference to human life.  He was sentenced to life without the possibility of parole, and in 2017, Ramirez successfully challenged the evidentiary support for the major participant and reckless indifference findings under *Banks* and *Clark* in a habeas petition filed in this court.  (*Id.* at pp. 926–927.)  We struck the special-circumstance finding, and on remand, Ramirez was sentenced to a term of 25 years to life for the murder conviction.  (*Id.* at p. 927.)

Following the enactment of Senate Bill No. 1437, Ramirez filed a petition under section 1170.95 to modify his first degree murder sentence.  The trial court denied the petition on the ground that the affirming opinion in the direct appeal showed Ramirez to have acted with reckless indifference to human life as a major participant to the underlying felony.  (*Ramirez*, *supra*, 41 Cal.App.5th at p. 928.)  On appeal from the denial of the 1170.95 petition, we reversed on the ground that in light of our prior habeas determination, "[i]t is beyond dispute that this court found that the defendant was not shown to have been a major participant in the underlying felony, or to have acted with reckless indifference to human life.  [Citation.]  Under these circumstances, the trial court was required by section 1170.95, subdivision (d)(2) to vacate the conviction and resentence defendant on the remaining counts."[7]  (*Id.* at p. 933.)

---

[7] Subdivision (d)(2) of section 1170.95 provides in relevant part:  "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."

Here, appellant pursued his habeas claim under *Banks* and *Clark* in the trial court, but unlike the defendant in *Ramirez*, he lost. Indeed, in denying the habeas petition, the court undertook a rigorous analysis of the facts of the offenses in light of the *Banks* and *Clark* factors and found appellant's claim wanting. To now permit appellant to maintain another evidentiary challenge to the special-circumstance findings in the context of section 1170.95 after his unsuccessful habeas petition on the same grounds would not only do violence to the legislative focus in enacting Senate Bill No. 1437, but it would unjustifiably relieve appellant of the burden of proving his claim under *Banks* and *Clark*.

## DISPOSITION

The postjudgment order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

I concur:

CHAVEZ, J.

18

*People v. Flores*, B308289

ASHMANN-GERST, J., Concurring in the judgment.


      Pursuant to my concurring opinion in *People v. Nunez* (2020) 57 Cal.App.5th 78, 97–99, review granted January 13, 2021, S265918, I only join in Parts A and B of this opinion.


                        _____, J.

                        ASHMANN-GERST